UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAEVON LYONS, 01-R-4760,

                              Plaintiff,

       v.

MICHAEL MCGINNIS, et. al.,

                              Defendants.
_____

DECISION & ORDER

04-CV-6157L

        On April 6, 2004, plaintiff filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. (Docket # 1). According to plaintiff, the Superintendent of Southport Correctional Facility, Michael McGinnis, and other named defendants, conspired to compel him to confess to a crime he did not commit by subjecting him to cruel and unusual conditions of confinement, including beatings, harassment and deprivation of food and sleep. On June 17, 2004, the Court dismissed plaintiff's Fourth Amendment claim with prejudice, permitted the remaining claims to proceed and directed service of the summons and complaint on the named defendants. (Docket # 4). At this stage, approximately one year later, the defendants have answered, and substantial discovery has been completed.

        Plaintiff has filed several motions that are currently pending before this Court: a motion to compel filed on January 6, 2005 (Docket # 29); a motion to compel filed on April 1, 2005 (Docket # 46); a motion to amend his Complaint filed on July 21, 2005 (Docket # 67); and,

two motions, filed on August 4, 2005, for leave to file certain interrogatories following the deadline set by this Court for the completion of fact discovery (Docket ## 70 and 71). A brief review of the procedural history of this case is necessary to gain an understanding of this Court's resolution of the outstanding motions.

Prior to the initial scheduling conference with this Court on January 12, 2005, plaintiff filed a motion requesting the Court to issue a subpoena compelling the production of plaintiff's mental health records. (Docket # 29). Approximately one week later, at the initial conference, this Court issued a Scheduling Order setting deadlines of March 31, 2005 for the filing of any motions to amend the pleadings and April 29, 2005 for the completion of fact discovery, and requiring the defendants to produce certain documents to the plaintiff relevant to his claims by no later than February 15, 2005. (Docket # 30).

A few weeks thereafter, plaintiff served defendants with various discovery demands, consisting of document requests and interrogatories. Defendants did not timely respond, and plaintiff filed a motion to compel the responses. (Docket # 46). Plaintiff also filed a motion to amend his complaint on February 3, 2005, seeking to add two defendants. (Docket # 38).

On May 5, 2005, this Court conducted a status conference with the parties. Plaintiff informed the Court that he still had not received the documents and information that this Court had ordered the defendants to produce by February 15, 2005, and that he needed such material to make a final determination whether there were additional claims or defendants he wished to seek leave to add to his Complaint. The Court further directed defendants to produce

the requested discovery material, this time by May 31, 2005.[1]  Counsel for defendants also indicated his intention to produce at least some of the documents and information sought by plaintiff in his discovery requests, which were the subject of his second motion to compel.

In view of these representations, and with the agreement of the parties, the Court directed the parties to confer regarding plaintiff's outstanding discovery requests and directed plaintiff to advise this Court by June 10, 2005 "whether there remain[ed] any outstanding issues with respect to his two previously filed motions to compel or whether all issued ha[d] been resolved." (Docket # 54).  In response, plaintiff filed two new motions to compel (Docket ## 56 and 57) identifying the issues still in dispute.  These motions were decided by this Court by Decision and Order dated July 20, 2005.[2]  (Docket # 66).  Accordingly, plaintiff's earlier motions to compel (Docket ## 29 and 46), which are still pending on the docket, are denied as moot.

With respect to plaintiff's motion to amend his Complaint, his newly-filed motion seeks to add eight defendants, six more than the additional two he sought to add through the earlier motion he filed in February, as well as additional factual allegations and legal claims.  Consistent with the Court's Amended Scheduling Order dated May 19, 2005 (Docket # 54) and the parties' agreement at the conference held with this Court on May 5, 2005, this Court shall consider the newly-filed motion in place of the earlier motion.  For that reason, the earlier motion

---

[1]  Indeed, the docket sheet reflects that defendants had in fact provided plaintiff with certain of the requested information and documents on March 23, 2005.  (Docket # 45).

[2]  A review of that Decision and Order reveals that it did not address directly plaintiff's request that a subpoena issue to the New York State Office of Mental Health ("OMH") directing the production of "referrals" made by employees of the New York State Department of Correctional Services ("DOCS") to OMH concerning plaintiff.  Defendants have indicated that they have produced plaintiff's mental health records in response to a request for mental health referrals made by defendants or other DOCS' employees concerning plaintiff.  (Docket # 63).  Considering that production, plaintiff's request for a subpoena is denied at this time without prejudice to renewal in the event plaintiff demonstrates a good faith belief that relevant documents exist in the possession of OMH that are not included in the documents produced by DOCS.

(Docket # 38) shall be denied as moot, and the Court shall issue a motion scheduling order with respect to the newly-filed motion (Docket # 67): defendants shall serve and file any responding papers on or before **August 26, 2005**; plaintiff shall serve and file any reply papers by **September 12, 2005**; upon receipt of properly-filed reply papers, plaintiff's motion to amend shall be taken under advisement by this Court.

Finally, plaintiff seeks permission to serve and file interrogatories beyond the fact discovery cut-off date set by the Court in its original Scheduling Order. (Docket ## 70 and 71). That Order contemplated that the defendants would produce certain documents and information relevant to plaintiff's claims well in advance of the discovery deadline so that plaintiff would have adequate time to review those materials to determine whether to seek additional discovery from defendants. Defendants did not timely comply with that deadline. In view of their tardy and unexcused response, this Court shall exercise its discretion to permit plaintiff to serve the requested interrogatories. Such permission is not without limitation, however, and any additional discovery requests plaintiff seeks to serve shall be served by no later than **August 31, 2005**.

## CONCLUSION

For the foregoing reasons, it is my Decision and Order that plaintiff's motion to amend his Complaint (**Docket # 38**) and motions to compel (**Docket ## 29 and 46**) are **DENIED**

**AS MOOT**.  It is my further Decision and Order that plaintiff's motions for leave to serve interrogatories (**Docket ## 70 and 71**) are **GRANTED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August  5 , 2005.