UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAEVON LYONS,

                Plaintiff,

      v.

MICHAEL MCGINNIS, et. al.,

                Defendants.

DECISION & ORDER

04-CV-6157L

---

      Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights by, *inter alia*, subjecting him to cruel and unusual punishment and unreasonable searches and seizures. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 85). For the following reasons, plaintiff's motion is denied.

      Litigants do not have a constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignments must be considered carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the

. . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit); *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) (decisions on appointment of counsel are clearly within the judge's discretion).

As plaintiff correctly acknowledged in his motion, the factors to be considered by a court in deciding whether or not to assign counsel include the following:

1.  Whether the indigent's claims seem likely to be of substance;

2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d at 392; *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

In the case at bar, plaintiff alleges that defendants have subjected him to cruel and unusual punishment and unreasonable searches and seizures. (Docket # 1). Through the current motion, plaintiff requests the assignment of counsel because he has been unable to retain a private attorney and does not believe he has the ability to investigate the facts of the case due to his incarceration. (Docket # 85).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, as plaintiff concedes, the legal issues in this case are not complex and, based upon the pleadings and motions filed thus far, plaintiff has demonstrated an ability to litigate this matter on his own behalf. Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 85)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                        MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
       December   7   , 2005.