UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAEVON LYONS,

                Plaintiff,

      v.

MICHAEL MCGINNIS, et. al.,

                Defendants.
_____

DECISION & ORDER

04-CV-6157L

On April 6, 2004, plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendants violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments. (Docket # 1). According to plaintiff, the Superintendent of Southport Correctional Facility, Michael McGinnis, and other named defendants conspired to compel him to confess to a crime he did not commit by subjecting him to cruel and unusual conditions of confinement, including beatings, harassment and deprivation of food and sleep. (Docket # 1).

**Plaintiff's Motions to Compel**

On October 20, 2005, plaintiff moved this Court to compel, defendants to respond to his Fourth Request for Production of Documents (the "Fourth Request"). (Docket # 86). Defendants failed to file a response pursuant to this Court's motion scheduling order, and thus plaintiff's motion was granted by Decision and Order dated January 9, 2006. (Docket # 104). That order required defendants to respond to plaintiff's Fourth Request by January 20, 2006.

(Docket # 104). On January 18, 2006, defendants filed a response to the Fourth Request, which objected to each of the ten requests on the grounds that they were overly-broad and unduly burdensome. (Docket # 105).

On March 14, 2006, plaintiff moved to compel the production of documents responsive to the Fourth Request, arguing that defendants had failed to comply with this Court's previous order. (Docket # 109). A scheduling order pertaining to the motion was issued by the Court, requiring defendants to file a response to the motion by April 14, 2006. (Docket # 113). Defendants again failed to respond by the deadline set by the Court, prompting another motion to compel by the plaintiff for the same relief. (Docket # 116). By letter dated May 2, 2006 – which was well beyond the court-ordered deadline – defendants articulated their opposition to plaintiff's motion to compel, reiterating that the document requests are irrelevant and unduly burdensome. (Letter from J. Richard Benitez, Esq. dated May 2, 2006).

This Court's January 9, 2006 order granting plaintiff's motion to compel required that "[d]efendants shall file a response to plaintiff's Fourth Request for the Production of Documents by January 20, 2006." (Docket # 104). Defendants complied with that order by filing a response by January 18, 2006. (Docket # 105). Thus, to the extent plaintiff seeks an order compelling production of the documents sought in his Fourth Request based upon defendants' alleged disobedience of the January 9, 2006 court order, his motions are denied on that basis.

To the extent plaintiff seek to compel production of the requested documents on the grounds that they are relevant to his claims, I deny his motion on this basis as well. Plaintiff seeks to identify the names and current locations of all inmates who were housed in the cell

blocks of four separate facilities where he was housed over a two and one-half year period. He has specified the time periods for which he seeks the identities of fellow inmates – that time period measures approximately one thousand days. (Docket # 109). By his own estimation, nine hundred inmates fall within the parameters of the group he has identified. (*See* Letter from Plaintiff to this Court, dated May 3, 2006 ("May 3, 2006 Letter") at 7). He also seeks to identify the names and current locations of all Department of Correctional Services ("DOCS") "officers and officials" who worked in the cell blocks of the four facilities in which he was housed during that more than one thousand-day time period. These employees, Lyons estimates, number one hundred and eighty-nine. (May 3, 2006 Letter at 6). According to plaintiff, he should be entitled to the identification of these more than one thousand individuals because they are potential witnesses whom he would like to interview about his allegation that DOCS officials recruited and used hundreds of inmates to aid them in their effort to extract a confession from him. (May 3, 2006 Letter at 3; *see also* Letter from Plaintiff to this Court dated May 15, 2006, at 4-6).

        Although I agree with plaintiff that counsel's repeated disregard of this Court's motion scheduling orders is lamentable, I do not find that it warrants the relief plaintiff seeks. The burden of producing material of such speculative relevance simply outweighs any appropriate deterrent or punitive effect to be gained from an order compelling production. Accordingly, plaintiff's motions to compel defendants to produce documents responsive to his Fourth Request **(Docket ## 109, 116)** are **DENIED**.

3

**Plaintiff's Motion for Copies of Court Filings**

Also pending before this Court is plaintiff's motion for copies of all documents he has filed with this Court during the course of this litigation, which he claims DOCS officials improperly have taken from him. (Docket # 106). To copy all documents that plaintiff has filed with this court would impose a significant and unjustified burden and expense on the court in view of the voluminous filings he has made. I do not believe that plaintiff needs copies of all filings at this stage in order to litigate his claims. For example, I cannot see how copies of motions filed and denied would be important to the continuation of this litigation. (By this Decision and Order, all pending motions have been decided). Court decisions, by contrast, may be. Accordingly, by copy of this Order, plaintiff is being provided with copies of substantive court orders and decisions (Docket ## 4, 9, 11, 66, 72, 100, 104, 112, 120), as well as a copy of the current docket sheet. He may review the docket and request copies of particular documents upon a showing that the requested documents are necessary to the progress of this litigation.

Accordingly, plaintiff's motion for copies of court filings **(Docket # 106)** is **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED.**

                                                                               *s/Marian W. Payson*
                                                                                 MARIAN W. PAYSON
                                                                    United States Magistrate Judge

Dated: Rochester, New York
        June  22 , 2006.