UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAEVON LYONS,

               Plaintiff,

      v.

MICHAEL MCGINNIS, et. al.,

               Defendants.
_____

DECISION & ORDER

04-CV-6157L

       By order dated October 28, 2004, this matter was referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 18).

       Plaintiff Daevon Lyons filed a *pro se* Complaint in this matter on April 6, 2004, seeking relief pursuant to 42 U.S.C. § 1983.  (Docket # 1).  In his Complaint, Lyons alleges that the defendants violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights by, among other things, conspiring to force him to incriminate himself by subjecting him to cruel and unusual punishment and conditions of confinement.  (Docket # 1).

       By order dated October 22, 2007, this Court granted Lyons's request for the appointment of counsel.  Attorneys Gerald Dibble, Craig D. Chartier and John J. Jakubek of Dibble and Miller, P.C. were assigned as *pro bono* counsel.  (Docket # 194).  On April 21, 2008, however, Lyons filed a motion for the removal of appointed counsel, alleging, *inter alia*, that

1

counsel has joined in the defendants' conspiracy to elicit his confession to a unsolved homicide. (Docket # 198).

On September 19, 2008, Lyons's appointed counsel filed a motion, pursuant to Federal Rule of Civil Procedure 35(a)(1), for a court-ordered psychiatric evaluation of Lyons. (Docket # 205).  Counsel specifically requested that the evaluation be conducted by the Central New York Psychiatric Center ("CNYPC"), which is located near the correctional facility in which Lyons is incarcerated.  (Docket # 205).  Lyons opposes the motion because he believes the CNYPC is an "interdepartmental resource" of the Department of Correctional Services and is therefore "working hand-in-hand with the defendants."  (Docket # 211).  According to Lyons, any examination conducted by CNYPC will be "fabricated" and designed to coerce his confession.  (Docket # 211).  Notwithstanding his objection to the CNYPC examination, Lyons has filed a *pro se* motion for a psychiatric examination conducted by an "independent professionally licensed or certified psychiatrist."  (Docket # 208).  Finally, Lyons has also filed a separate *pro se* motion seeking dismissal of appointed counsel's motion for an examination by CNYPC.  (Docket # 212).

Rule 35 of the Federal Rules of Civil Procedure provides:  "The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined."  Fed. R. Civ. P. 35(a)(2)(A).

Considering the detailed requests by both Lyons and his appointed counsel, I find that good cause has been shown to require Lyons to submit to a psychiatric examination.  Such

examination shall be conducted by a licensed psychiatrist independent of CNYPC. Although this Court has no basis upon which to question the professionalism of the CNYPC, given the allegations set forth in Lyons's Complaint, as well as his concerns expressed in response to counsel's motion, I find that the more prudent course is to require an independent examination.

Accordingly, Lyons's counsel and counsel for the defendants are hereby directed to confer and to jointly propose to this Court an independent mental health examiner suitable to counsel and Mr. Lyons. Such proposal shall be submitted by counsel for plaintiff by no later than **February 13, 2009**.

Lyons's application to remove appointed counsel is denied without prejudice at this time. Such application may be renewed following the mental health examination.

## CONCLUSION

For the foregoing reasons, it is the Decision and Order of this Court that Lyons's motion for the removal of counsel **(Docket # 198)** is **DENIED without prejudice**. It is the further Decision and Order of this Court that the motion of plaintiff's counsel that Lyons submit to a mental examination by the Central New York Psychiatric Center **(Docket # 205)** is **GRANTED in part and DENIED in part**. Similarly, Lyons's *pro se* motion for an independent mental examination **(Docket # 208)** is **GRANTED**. Finally, Lyons's motion to dismiss his

appointed counsel's motion for a mental examination by the Central New York Psychiatric Center **(Docket # 212)** is **DENIED as moot**.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                        MARIAN W. PAYSON
                                                    United States Magistrate Judge

Dated: Rochester, New York
         January  23 , 2009