UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAEVON LYONS,

                                       Plaintiff,

                                                                                             <u>DECISION AND ORDER</u>

                                                                                             04-CV-6157L

                                 v.

MICHAEL MC GINNIS, et al.,

                                       Defendants.
_____

      Plaintiff, Daevon Lyons, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants, all of whom at all relevant times were employees of DOCS, have engaged in a conspiracy to torture plaintiff, in order to get him to confess to a crime that he did not commit. Defendants have moved for summary judgment. Plaintiff has not responded to the motion.

      Defendants' motion is granted. Plaintiff's second amended complaint (Dkt. #167) consists mostly of rambling, Kafkaesque allegations that defendants created "spectacles" by using "look-alikes," *i.e.*, persons who resembled plaintiff's friends and relatives, the alleged idea being that plaintiff would report these "spectacles," which would be discredited, and plaintiff's sanity would be called into question. Plaintiff also alleges that defendants would transmit noises into his cell (which apparently could not be heard by his neighbors) in order to torture plaintiff, so that he would confess to some unnamed crime.

      Given the lack of factual allegations to support these conclusory claims, it is doubtful that such allegations could even survive a motion to dismiss under Rule 12(b)(6) under the current

pleading standards.[1]  This case is now at the summary judgment stage, and if anything, discovery has only served to confirm that plaintiff's allegations are not grounded in reality.  *See*, *e.g.*, Plaintiff's Depo. Tr. (Dkt. #240, Ex. A) at 56-60.

The Supreme Court has held that "a court may dismiss a claim as factually frivolous ... if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.  *See*, *e.g.*, *Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at *8 (W.D.N.Y. May 23, 2007) ("Plaintiffs' claims of a conspiracy among Goord, Patterson and LeClaire are the type of 'fantastic' or 'delusional' allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(l) as factually frivolous"); *Brooks v. Barrow*, 06-CV-0499, 2006 WL 1718337, at *1-*2 (M.D.Ala. June 19, 2006) (dismissing lawsuit where plaintiff alleged that prison staff had engaged in the "mass murder" of inmates to "sell body parts" and "torture inmates").

It is unfortunate that this lawsuit has proceeded for as long as it has.  The Court of Appeals for the Second Circuit has recognized the need to dismiss frivolous actions "in order to preserve scarce judicial resources," *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000), and defendants likewise should not be saddled with the burden of having to engage in extended discovery and lengthy proceedings to defend against such actions.  *See Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants

---

[1] I note that the initial review of plaintiff's complaint was undertaken prior to the Supreme Court's decisions in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which implemented a more stringent standard for assessing the sufficiency of a complaint than had previously been employed.

to effort and expense"), *aff'd without opinion*, 41 F.3d 1500 (2d Cir. 1994). Certainly this action should proceed no further.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #238) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 26, 2011.